10-854-cv
Katzenberg v. Lazzari

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of January, two thousand eleven.

PRESENT:

      JOSÉ A. CABRANES,
      REENA RAGGI,
           *Circuit Judges*,
      RICHARD K. EATON,
           *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARVEY KATZENBERG,

    *Plaintiff–Counter-Defendant-Appellant*,

    -v.-                                 No. 10-854-cv

DERVAL LAZZARI, as Trustee of the Acme American Repairs, Inc., Pension Trust, ACME AMERICAN REPAIRS, INC., ACME AMERICAN REPAIRS, INC., PENSION TRUST,

    *Defendants-Counter-Claimants-Appellees*.[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

    [*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

    [**] The Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

**FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT:**        DAVID B. GELFARB, Moss & Kalish PLLC, New York, NY.

**FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES:**        HELEN M. BENZIE (Anthony Marino, *of counsel*), Law Office of Vincent D. McNamara, East Norwich, NY.

Appeal from a February 24, 2010, judgment of the United States District Court for the Eastern District of New York (Charles R. Wolle, *Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellant Harvey Katzenberg—a former owner and executive of Acme American Repairs, Inc. ("Acme") and a participant in and former trustee of the Acme Pension Plan ("Acme Plan")—brought this action pursuant to Section 502 of the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, seeking an award of pension benefits, 29 U.S.C. § 1132(a); sanctions resulting from the Acme Plan's failure to provide him with a summary plan description ("SPD"), 29 U.S.C. § 1132(c)(1); and an award for attorney's fees, 29 U.S.C. § 1132(g). Defendants-Appellees raised several defenses and a counterclaim, all related to Katzenberg's alleged breach of fiduciary duties as a trustee of the Acme Plan. After a bench trial, the District Court entered judgment in favor of defendants, concluding that (1) defendants' defenses are not barred by ERISA's statute of limitations; (2) dismissing all of Katzenberg's claims; and (3) denying attorney's fees to all parties. *Katzenberg v. Lazzari*, 04-cv-5100, 2010 WL 680985, at *7 (E.D.N.Y. Feb. 24, 2010). Katzenberg filed a timely appeal. We assume the parties' familiarity with the facts and procedural history of this case.

## I. Forfeiture Remedy

First, Katzenberg argues that the District Court erred in concluding that he should forfeit his entitlement to benefits under the plan pursuant to 29 U.S.C. § 1109(a), which provides that a fiduciary who breaches his duties under ERISA "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . and shall be subject to such other

---

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, sitting by designation.

equitable or remedial relief as the court may deem appropriate." As we have frequently noted, it is well-settled that ERISA grants the court broad discretion with respect to remedies under § 1109(a) and that we review its decisions for abuse of discretion, *Katsaros v Cody*, 744 F.2d 270, 281 (2d Cir. 1984), taking into account "all the circumstances of the case," *Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citation, alterations, and quotation marks omitted).

Here, the record reflects that, in violation of federal law, Katzenberg repeatedly raided the Acme Plan and overstated its value to minimize Acme's required annual contribution. *See* 29 U.S.C. § 1104(a)(1); *Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996); *Central States, S.E. & S.W. Areas Pension Fund v. Central Transp.*, 472 U.S. 559, 571 (1985) ("ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries."). Contrary to Katzenberg's claims, this Court has clearly established that the "the power of the courts to fashion [the] equitable remedy" reached by the District Court in this case—that is, a permanent injunction preventing the trustee from receiving benefits under the plan—is not necessarily an abuse of discretion. *United States v. Carson*, 52 F.3d 1173, 1190 (2d Cir. 1995) (affirming the District Court's decision to require a fiduciary to forfeit benefits after breaching his duties). We therefore affirm the judgment of the District Court and hold that when a fiduciary who is placed in a position of trust shows such contempt for the beneficiaries to whom he owes a legal duty, the entry of a permanent injunction denying him his benefits in order to make the fund whole is not an abuse of discretion.

## II. Statute of Limitations

Second, Katzenberg argues that—in determining that defendants' affirmative defenses and counterclaim are not barred under ERISA—the District Court improperly applied the six-year statute of limitations under 29 U.S.C. § 1113 for cases of fraud or concealment, as opposed to the three-year statute of limitations under § 1113(2). Katzenberg suggests that because he made no effort to conceal his illegal activities, the statute of limitations ended three years after the errors were discovered by his successor in 2001. This argument misconstrues ERISA. It is well settled that fraud and concealment are distinct concepts with respect to 29 U.S.C. § 1113. That is, a trustee's conduct does not have to constitute fraudulent concealment under ERISA in order to trigger the six-year statute of limitations. *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 190 (2d Cir. 2001) ("[T]he six-year statute of limitations should be applied to cases in which a fiduciary: (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment; *or* (2) engaged in acts to hinder the discovery of a breach of fiduciary duty." (emphasis in original)).

In this case, whether or not he attempted to conceal his activities, the record supports the District Court's conclusion that Katzenberg—as trustee of the Acme Plan—*knowingly misrepresented* the value of the plan and removed assets from the plan without authority or adequate documentation, all in violation of ERISA. This conduct falls squarely within the language of § 1113 which states that "in the case of fraud . . . [an action with respect to a fiduciary's breach of duty] may be commenced not later than six years after the date of discovery of such breach." *See Caputo*, 267 F.3d at 189 (citing Black's Law Dictionary 670 (7th ed. 1999) (defining "fraud" as "[a] knowing misrepresentation of the truth . . . to induce another to act to his or her detriment")). Even assuming, *arguendo*, that defendants' second amended answer does not relate back to the filing of the complaint or the initial answer, defendants' affirmative defenses and counterclaims were timely filed in May 2007 given that defendants did not discover Katzenberg's breaches of fiduciary duties until late 2001 at the earliest. We therefore hold that the District Court correctly determined that the six-year statute of limitation does not bar defendants' affirmative defenses and counterclaim in this case.

### III. Summary Plan Description (SPD)

Third, Katzenberg argues that the District Court erred in concluding that "Katzenberg has not proved anyone except Katzenberg himself violated ERISA" as a result of the Acme Plan's failure to have, much less distribute, an SPD, and in dismissing his claim for sanctions. *Katzenberg*, 2010 WL 680985, at *4. If the Acme Plan's failure to have in its possession an SPD in accordance with the requirements of 29 U.S.C. §§ 1021(a)(1), 1022(a) while Katzenberg was the trustee of the plan constituted a violation of ERISA, then the Acme Plan's subsequent (and continued) failure to have an SPD after Katzenberg relinquished his duties as a trustee in 2001 is a violation of ERISA as well. That is, however, not the end of our analysis under § 1132(c).

It is well settled that a district court enjoys considerable discretion in deciding whether to award ERISA sanctions pursuant to § 1132(c), and that we review such a decision for "abuse of discretion." *See Demery v. Extebank Deferred Compensation Plan(B)*, 216 F.3d 283, 290 (2d Cir. 2000). In this case, we find no abuse in the district court's denial of sanctions. As the Supreme Court has noted, the purpose of ERISA's disclosure provisions are to ensure that "'the individual participant knows exactly where he stands with respect to the plan.'" *Firestone Tire & Rubber Co. v Bruch*, 489 U.S. 101, 118 (1989) (quoting *H.R. Rep. No.* 93-533, at 11 (1973)). We agree with the District Court that Katzenberg— as the sole trustee with knowledge of the Plan for more than two decades—cannot plausibly claim that, even after his departure from the company, he lacked the proper information to know where he stood with respect to the plan. Accordingly, in the absence of any prejudice to Katzenberg, *see Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 90 (2d Cir. 2001) (holding that the absence of prejudice is an important factor to be considered by a court in exercising its discretion against an award of sanctions), we cannot say that the District Court abused its discretion in denying Katzenberg sanctions pursuant to § 1132(c) and dismissing his claim.

4

## IV. Attorney's Fees

Finally, Katzenberg argues that the District Court erred in denying him attorney's fees. We review a decision to award fees under ERISA for abuse of discretion. *See Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). Even if the district court had wrongly applied the five-factor test for determining when fees are appropriate as articulated in *Chambless*, the Supreme Court has recently established that a party must achieve "some degree of success on the merits" to earn fees under ERISA. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. —-, 130 S. Ct. 2149, 2158 (2010) (internal quotation marks omitted). Accordingly, because Katzenberg achieved no success on the merits, we cannot say that the District Court's decision not to award attorney's fees was an abuse of discretion.

## CONCLUSION

We have considered each of Katzenberg's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk